UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS HAVER,

                Petitioner,                Case No. 14-10615
                                                        Hon. Thomas L. Ludington

v.

BONITA J. HOFFNER,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas case brought by Michigan prisoner Douglas Haver (Haver). Haver pleaded guilty to one count of second-degree murder in the Recorder's Court for the City of Detroit. On May 8, 1974, he was sentenced to life imprisonment. Haver's application for habeas relief challenges his imprisonment on the following four grounds: (1) Haver's life sentence violates the Federal and Michigan Constitutions because state law required his sentence to be set for an indeterminate term of years; (2) Michigan's murder statute was enacted in violation of the Constitution; (3) the State of Michigan unconstitutionally suspended the Writ of Habeas Corpus by failing to provide procedural rules for filing such an action in state court; and (4) a sentence of "life" is illegal under the Michigan Constitution. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

**I**

Haver has filed exhibits with the Court indicating that he was originally charged with first-degree murder on July 5, 1973, for the premeditated killing of Nora Darlene Lett. According to the Michigan Department of Corrections website, Haver pled guilty to one count of second-degree

murder and received a sentence of life imprisonment. Haver does not allege that he pursued a direct appeal of his conviction.

According to Haver's pleadings, he first sought post-conviction review when he filed a petition for a writ of habeas corpus in the Branch Circuit Court on August 30, 2011, presumably raising his current habeas claims. He then attempted to pursue appellate review through the Michigan Court of Appeals and Michigan Supreme Court, but a letter by the Clerk of the Michigan Supreme Court indicates that they refused to docket his habeas petition.

Haver next filed a motion for authorization to file a second or successive habeas petition in the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit issued an order finding that the motion was not necessary because Haver had never previously filed a federal habeas petition. *In re Haver*, No. 13-1903 (6th Cir. Dec. 23, 2013).

Haver then signed the instant petition on February 10, 2014. Following preliminary review, it appeared to the Court that the petition may have been filed after expiration of the one-year statute of limitations. The Court therefore ordered Haver to show cause why the petition was not subject to summary dismissal. On March 17, 2014, the Court received Haver's response to the order.

Haver's pro se response to the show cause order is somewhat incoherent. As far as the Court can discern, Haver appears to be arguing that application of the statute of limitations to his case would constitute an unconstitutional suspension of the writ, that the Antiterrorism and Effective Death Penalty Act (AEDPA) does not apply to his petition because it is being filed under 28 U.S.C. §2241, and that the state court did not have jurisdiction to sentence him.

**II**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition

-2-

to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner, as here, is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

### III

Under AEDPA, a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366

F.3d 396, 401 (6th Cir. 2004).

Haver does not argue there was an impediment to filing his federal habeas petition created by State action, that his claims are based on a newly created constitutional right, or that his claims are based on a newly discovered factual predicate. Therefore, the potential starting points under §§ 2244(d)(1)(B),(C), and (D) do not apply to his petition, and the only possible starting point is the date on which his conviction became final under § 2244(d)(1)(A). Because Haver's conviction became final well before the enactment of the statute of limitations, he enjoyed a one-year grace period from its enactment, or until April 24, 1997, to file his federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005).

Haver's habeas application was filed more than a decade after the expiration of the grace period. The petition is therefore time barred unless he can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Haver has not adequately explained why his petition was not filed within the one-year grace period. He does not allege any reason why he waited until 2011 to begin collateral review of his sentence in the state courts. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 F. App'x. 578, 583 (6th Cir. 2003).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Haver's case falls outside of the actual innocence tolling exception enunciated in *Souter* because he has not attempted to present new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Haver's argument that the statute of limitations creates an unconstitutional suspension of the writ is also without merit. *See Delaney v. Matesanz*, 264 F.3d 7, 11-12 (1st Cir. 2001); *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000); *Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000).

Nor does the fact that Haver styles his petition as one under 28 U.S.C. §2241 rather than 28 U.S.C. §2254, save his petition. Section 2254 is the exclusive avenue for state prisoners to challenge the legality of the their imprisonment pursuant to the judgment of a state court. *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006). A state prisoner can only use section 2241 when he is being detained by something other than a judgment of a state court, e.g., a person held under pre-trial detention or one who is civily commited. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996).

Finally, whether Haver's state-law jurisdictional claim is meritorious has no bearing on the timeliness of his petition. This argument does not amount to a claim of factual innocence.

Accordingly, because Haver filed this action after the expiration of the statute of limitations, and because he has failed to demonstrate any basis for equitable tolling, the case will be dismissed as untimely.

## IV

Before Haver may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. The Court will also deny Haver permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED** and the matter is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis are **DENIED**.

Dated: March 27, 2014
                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Douglas Haver #138003, Lakeland Correction Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail, on March 27, 2014.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS